NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5242-15T1

ROBIN CARBONE,

 Appellant,

 v.

BOARD OF REVIEW and MERIDIAN
HOSPITALS CORPORATION,

 Respondents.
________________________________________________________

 Submitted June 6, 2017 – Decided June 23, 2017

 Before Judges Fisher and Vernoia.

 On appeal from the Board of Review, Department
 of Labor, Docket No. 077,640.

 Bell, Shivas & Fasolo, P.C., attorneys for
 appellant (David T. Shivas and Michael K.
 Arroyo, on the briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Marolhin D. Mendez,
 Deputy Attorney General, on the brief).

 Greenberg Traurig, LLP, attorneys for
 respondent Meridian Hospitals Corporation
 (Wendy Johnson Lario and Micala Campbell
 Robinson, on the brief).

PER CURIAM
 In this appeal, we consider whether appellant Robin Carbone's

actions in inaccurately reporting time she claimed to have worked,

for which she was terminated from her employment with Meridian

Hospitals Corporation, constituted – as the Board of Review found

– "severe misconduct" that disqualified her from unemployment

benefits, pursuant to N.J.S.A. 43:21-5(b), and liable for the

repayment of $850 in benefits received, pursuant to N.J.S.A. 43:21-

16(d). In adhering to our limited standard of review,1 we affirm.

 N.J.S.A. 43:21-5(b), as amended in 2010, enhanced the

existing disqualification period for ordinary misconduct in cases

where the claimant has engaged in "severe misconduct." That phrase

was defined in the statute by way of a list of examples. That is,

N.J.S.A. 43:21-5(b) declares that "severe misconduct" includes

"repeated violations of an employer's rule or policy, repeated

lateness or absences after a written warning by an employer,

falsification of records, physical assault or threats that do not

constitute gross misconduct . . ., misuse of benefits, misuse of

sick time, abuse of leave, theft of company property," and other

1
 In Self v. Bd. of Review, 91 N.J. 453, 459 (1982), the Court
held that when the Board's factual findings are supported "by
sufficient credible evidence, courts are obliged to accept them."
We are not to disturb agency actions unless they are "arbitrary,
capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J.
197, 210 (1997).

 2 A-5242-15T1
similar conduct. The Appeal Tribunal concluded that appellant's

conduct was the product of a mistake, but the Board concluded she

deliberately falsified company time records. The question for this

court is whether the Board's conclusion, based as it was on

substantial evidence, was either arbitrary, capricious or

unreasonable.

 The record reveals, as the Board found, that appellant did

not accidently misstate on a single occasion that she was working

when she was not. The Appeal Tribunal found – and the Board agreed

– that this occurred on multiple occasions.

 Appellant, as a patient care assistant, was obligated to

swipe her badge on the employer's electronic timekeeping system

to record when she was working; if that method failed or if

appellant was working at other locations outside the facility, she

was required to manually enter her time on a payroll "edit" sheet.

 In October 2015, her supervisor determined that appellant had

made what he viewed as unusual entries on the company's edit

sheets.2 He investigated further and found similar unusual entries

on earlier occasions. Finding substantial evidence that appellant

2
 On one occasion, appellant texted her supervisor that she had
switched her shift from October 12 to October 13 with another
employee, yet she represented in the edit sheets that she worked
both days.

 3 A-5242-15T1
had misrepresented her work hours on at least a handful of

occasions,3 appellant's supervisor and the senior manager of

operations, questioned her. Appellant acknowledged her October 12

entry on the edit sheet was a mistake. When questioned about

earlier dates on which her claim to have worked could not otherwise

be corroborated, appellant asserted only: "if I marked that I was

there, I was there."

 Appellant was suspended pending further investigation. At an

internal company hearing, appellant again asserted she made a

mistake with the October 12 entry. She could not, however, offer

any justifiable explanation for the other discrepancies in her

time records. The employer concluded that appellant had falsified

her hours and terminated her employment.

 These circumstances are not in question. The only matter in

controversy is whether appellant's conduct was the product of a

mistake or mere negligence, or whether she deliberately provided

false information to her employer. The Board concluded that

appellant acted deliberately. After carefully examining the record

3
 This investigation also debunked any claim that the mis-recording
of time was the result of a malfunctioning badge because appellant
neither reported a problem with her badge and because, on those
questionable days, there was no other evidence, such as recordings
in patient records or appellant's image on surveillance tapes,
that she was actually working.

 4 A-5242-15T1
in light of the issues posed, we conclude that the Board's

determination was not arbitrary, capricious or unreasonable.

 Affirmed.

 5 A-5242-15T1